UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARION ANTHONY RICE                :
                                   :          PRISONER
     v.                            :    Case No. 3:02cv2217(CFD)
                                   :
MARK STRANG                        :

FILED
2004 AUG 31  A 10: 31

## ORDER OF DISMISSAL

Petitioner Marion Anthony Rice ("Rice") commenced this habeas action by petition filed pursuant to 28 U.S.C. § 2254. He did not specify his grounds for relief in the petition. Instead, he referred the court to the decision of the Connecticut Supreme Court. That per curiam decision, State v. Rice, 243 Conn. 391, 702 A.2d 409 (1997), was dismissed on the ground that certification has been improvidently granted. In a footnote, the court noted that it had granted certification on a state evidentiary issue. There are no facts in the petition or the state court decision to enable the court to evaluate Rice's claim. In addition, it appears that Rice had filed a state habeas petition on the ground of ineffective assistance of counsel, but does not include ineffective assistance of counsel as a ground for relief in the federal petition.

A petitioner cannot obtain federal habeas review of an error of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 67-68.

On April 3, 2003, the court ordered petitioner to file an amended petition clearly stating his grounds for relief. This would enable the court to determine whether Rice was challenging his conviction as violative of the United States Constitution or of state law. In over one year since the order was issued, Rice has not responded or sought additional time within which to respond. The court has contacted Osborn Correctional Institution, the address provided in the petition, and has ascertained that Rice continues to be confined there.

Accordingly, the case is **DISMISSED** without prejudice pursuant to Rule 41(b), Fed. R. Civ. P., for failure to comply with the court's order. Any motion to reopen this case shall be accompanied by the completed amended petition and shall demonstrate good cause for failing to comply with the court's order. In addition, because the time for filing a section 2254 petition has passed, the amended petition should include all bases upon which Rice seeks to challenge his conviction.

SO ORDERED at Hartford, Connecticut, this 30th day of August, 2004.

Christopher F. Droney
United States District Judge